## DELIA HARTWELL *et al.*

*v.*

## JACOB P. BLACK *et al.*

1. EQUITY—*specific performance of verbal contract.* Where a party enters into possession of real estate, under a proposition either that he may lease or purchase it on specified terms, and he gives no notice to the owner that he has elected to purchase, and pays the sum specified as rent, at the times proposed for a lease, and requires the owner to make repairs of the property while thus occupied, and in other respects treats it as belonging to the landlord, and makes frequent declarations that he is only renting it, and this, too, when he knows the owner is offering the property for sale, and asks permission to occupy it in part, for a particular purpose : *Held,* That such a contract of purchase is not shown as will authorize a court of equity to decree a deed, and that the evidence tends to prove a lease and not a sale.

2. SAME—*proof.* To entitle a party to a specific performance of a verbal agreement, the proof must clearly establish a contract, and all of its terms and conditions, and that the purchaser has relied upon and performed his part of the agreement, and that it has been so far performed as to take it out of the statute of frauds.

3. INJUNCTION—*dissolution—damages.* On the dissolution of an injunction, a decree assessing defendant's damages will not be reversed or modified because the damages are too small, unless the decree is unsupported by evidence, or is manifestly against the evidence heard on the assessment.

APPEAL from the Circuit Court of DuPage County ; the Hon. SYLVANUS WILCOX, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. CHARLES WHEATON, for the appellants.

Mr. JAMES H. FELCH, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in chancery, brought by appellants, in the Kendall Circuit Court, against appellees, for the specific performance of an agreement, for the sale of a house and lot in Yorkville, in Kendall county. The venue was subsequently changed to the DuPage Circuit Court, where a trial was had, resulting in a decree in favor of appellees and the dismissal of complainants' bill.

The bill alleges that complainant, Delia Hartwell, in the month of March, 1863, purchased, by verbal contract, of Black, one of the defendants, the premises in controversy; that, by the terms of the contract, Black agreed to sell the premises to her for the sum of $1,310, on a credit of two, three or more years, with interest at ten per cent. per annum, with a sufficient sum to pay the taxes accruing thereon, by quarterly payments; that Black agreed to receive $150 per year, payable quarterly, as interest and taxes, and so long as she kept the interest and taxes paid, the principal might run until she should be ready to pay it, when he would convey the property to her; and that she should take immediate possession of the premises, but no specified time was agreed upon for the payment of the money; that she entered under the contract, and has been in possession of the premises ever since; that in the summer of 1864, she offered to pay to Black $230, on the principal, which he refused to receive; that she had made improvements on the property to the value of fifty dollars; that she had paid Black between April 1st, 1863, and April 1st, 1865, the sum of three hundred dollars; that on the 20th of April, 1868, Black, in fraud of her rights, conveyed the premises to Thomas, who had commenced an action of forcible detainer to recover possession of the house and lot; that on the 18th of May, 1865, complainants caused the sum of $1,335 to be tendered to Black, and demanded a deed, but he refused to accept the money or to execute the deed.

Black answered the bill, and denies the contract; alleges that he, by letter, in March, 1863, offered to sell the premises

to George W. Hartwell, for $1,310, or rent them at $150 per annum, payable quarterly; that appellants elected to rent them; have paid rent by the quarter since the first of April, 1863, until the first of April, 1865, at the rate of $150 per year; denies that appellants, or either of them, ever agreed to pay him interest or taxes, and denies that they took or held possession otherwise than as tenants, and insists that all payments were made as rent, and not otherwise. He denies that valuable improvements were made on the premises, and sets up and relies upon the statute of frauds as a defense.

Thomas answered, denying all fraud in the conveyance to him, and alleges that he paid an adequate, valuable consideration for the property. He also sets up and relies on the statute of frauds.

Appellants insist that the court erred in refusing the relief and in dismissing the bill, on the proofs heard on the trial below. It appears, from the evidence of several witnesses, that Black stated that he had sold the premises to appellees. On the other hand, a larger number of witnesses state that Mrs. Hartwell repeatedly stated that they were renting the premises at $150 per year; and that they were but tenants seems to be clear, from the manner in which they occupied the property. If they had regarded themselves as owners or purchasers, why call upon Black to repair the house, to build a barn, and for permission to remove shrubbery, put in a gate, or for permission to keep the post office in the house? These acts are all inconsistent with the idea of ownership, and most of them, of a purchase. Black denies the purchase, but says he offered to sell at $1,310, if payment should be made at an early day; but having failed to pay, when the first payment was made it was agreed that if the uncle of appellants should come on, as it had been expected he would, and pay the money in a short time, then the quarterly payment should form a part of the purchase money; but failing to make payment within two months afterwards, he called and notified them

that they could not purchase the property at that price ; and he seems to be fully corroborated in his evidence, as George W. Hartwell, on more than one occasion, when the house was being examined with a view to a purchase by others, inquired whether, in case the property should be sold, he could rent it of the purchaser, saying that he was then renting of Black. Such acts and declarations are entirely inconsistent with the idea that appellants supposed they were purchasers.

They, no doubt, when they entered into possession, had the option to purchase, or rent it on the terms specified ; but they did not elect when they entered, and afterwards repeatedly declared that they had rented the property, and do not seem to have claimed as purchasers until the property had become greatly enhanced in value, and after they had required Black to repair it. Before a court of equity will enforce the specific performance of a contract not in writing, it must clearly appear that a contract of sale was made, and its terms must be clearly proved, and it must appear that they have been relied upon and performed by the party seeking its enforcement. In this case, the evidence fails to clearly establish anything more than a negotiation for a sale of the property, and it fails to prove that an agreement was ever made for such a sale. The facts seem rather to prove a leasing than a sale. This being the case, a court of equity will not require appellees to execute a conveyance.

Appellees have assigned cross-errors on this record, and insist that the court below, on dismissing the bill and dissolving the injunction, erred in assessing appellees' damages at too small a sum. It appears that the evidence was variant as to the annual value of the rents of the premises. One witness fixes it at from $150 to $175, while others fix it at a higher price—one even as high as $250 or $260. The court allowed $180 a year. This may have been low, but is not so far opposed to the weight of evidence as to require a modification of the decree. There is evidence in the record to

sustain the decree.   For aught we know or can see, the court may have given the most weight to the witnesses who testified to the lower values.

We perceive no error in the decree of the court below, and it must be affirmed.

*Decree affirmed.*