## JOSEPH H. WOLFE

*v.*

## PRESLEY G. BRADBERRY, Exr. *et al.*

*Filed at Mt. Vernon March 28, 1892.*

1. SPECIFIC PERFORMANCE—*contract must be clearly established and* *upon a valuable consideration.* It is well settled that the specific performance of a contract for the conveyance of land will not be decreed unless the contract is established by competent evidence, and is free from doubt or suspicion, clear and definite in its terms, and founded upon a valuable consideration.

2. CHANCERY PRACTICE — *court not confined to master's report and exceptions thereto.* On the coming in of the master's report containing findings of fact, the court may make additional findings of fact, if the evidence accompanying the master's report warrants the same. The court is not confined in its review of evidence to the mere question of ascertaining whether the exceptions filed to the report, or any of them, should be sustained.

3. SAME—*exceptions to master's report.* Where the master's report is returned into court, the party objecting to it may file exceptions, upon the hearing of which the whole evidence is brought forward and passes in review before the court.

4. SAME—*stipulation as to objections and exceptions to testimony before the master.* Where the parties to a bill in chancery stipulate that objections and exceptions to testimony taken before the master may be made and taken before the court, on the hearing, without being made or taken before the master, the court may properly consider objections to testimony, whether embraced in the formal exceptions to the findings of the master's report or not.

APPEAL from the Circuit Court of Crawford county; the Hon. C. C. BOGGS, Judge, presiding.

Messrs. CALLAHAN, JONES & LOWE, for the appellant:

The rule is, that whatever is not objected to or excepted to in the master's report is taken to be conclusively true. *Hurd* v. *Goodrich*, 59 Ill. 450; *Prince* v. *Cutler*, 69 id. 267.

The defendants having taken no exceptions to the master's report in the court below, are precluded from making any ob-

jections in this court.    *Pennell* v. *Insurance Co*. 73 Ill. 303 ; *Reigard* v. *McNeil*, 38 id. 400 ; .*Clark* v. *Laughlin*, 62 id. 278 ; *Jewell* v. *Paper Co*. 101 id. 65 ;  *Anderson* v. *Henderson*, 124 id. 164.

Mr. P. G. Bradberry, and Mr. E. E. Newlin, for the appellees :

The contract of which specific performance is sought, must be clear, certain and unambiguous in its terms.    1 Story's Eq. Jur. sec. 764 ;  *Carver* v. *Lasater*, 36 Ill. 182 ;  *Wallace* v. *Rappleye*, 103 id. 229 ;  *Long* v. *Long*, 118 id. 638 ;  *Clark* v. *Clark*, 122 id. 388.

An expression of an intention to convey land to a child is not sufficient.    There must be a contract.    *Cassel* v. *Cassel*, 104 Ill. 361 ; *Galloway* v. *Garland*, id. 275.

A contract will not be specifically enforced unless founded on a valuable consideration.    Adams' Eq. 77, 78 ; 1 Story's Eq. Jur. secs. 787, 793 ;  *Webb* v. *Insurance Co*. 5 Gilm. 223 ; *Hetfield* v. *Willey*, 105 Ill. 286.

Mr. Chief Justice Magruder delivered the opinion of the Court :

This is a bill filed on March 9, 1887, by the appellant against James Hill, Alice Stanfield, John Newlin Jr. and Nellie J. Newlin, to enforce a parol gift of 200 acres of land alleged to have been made by said Hill to his daughter, Louisa Wolfe, then the wife of appellant, and to compel the execution of deeds by the defendants conveying said land to the complainant.    Hill answered the bill and gave his evidence, and having died during the pendency of the cause, his surviving executor, Bradberry, was made defendant.    The defendant Stanfield also answered, and an answer was filed for the minor defendants, John and Nellie Newlin, by their guardian ad litem. The cause was referred to a master in chancery to take testimony and report his conclusions, who found the equities with

the defendants and recommended that the bill be dismissed. The Circuit Court confirmed the master's report, and dismissed the bill. From such decree of dismissal the present appeal is prosecuted.

The appellant was married to Louisa Hill December 14, 1865. The 200 acres in question were then owned by John Hill, her father. On March 4, 1867, appellant and his wife, Louisa, moved upon the land, which was then improved, and under cultivation, and had upon it a dwelling-house, barn, fences, orchard and other improvements. They lived there together until Mrs. Wolfe's death, which occurred on August 7, 1876. She left one child, Charles Hamlin Wolfe, who died intestate on August 22, 1876. The appellant continued to live upon the land after the deaths of his wife and child, and was in possession thereof by his tenant, when the bill in this case was filed. The defendants, Stanfield and the Newlins, are grandchildren of Hill, and, on February 22, 1886, in consideration of natural love and affection, he executed to them a deed of said premises, reserving to himself a life estate therein. He never made any conveyance thereof to his daughter, Louisa Wolfe, or to her husband, the appellant.

Appellant claims that Hill gave the land to Mrs. Wolfe; that, in consideration of such gift, the appellant and his wife went upon the land, and lived upon it, and made valuable improvements, and kept the premises in repair, and paid all the taxes, during her life time; that she thereby became the owner of an equitable interest in the land; that, upon her death, her equity passed to her child, and that, upon the death of the child, such equity passed to appellant, as the father and only heir of the child.

On the other hand, the defendants claim, that Hill never made a gift of the land to his daughter, but agreed with her and her husband, that they might live upon the land and cultivate it and have all the profits and income therefrom, in consideration of keeping it in repair and paying the taxes.

It will thus be seen, that the question involved in the case is one of fact only. Was there a parol gift of the land, accompanied by possession and the making of valuable improvements, or was there such an agreement as the defendants contend for? The record is very voluminous. We have made a careful examination of all the testimony on both sides, and think that it sustains the finding of the Circuit Court. It would be a useless waste of time to enter into a discussion of the facts. We deem it necessary merely to state our conclusion.

The appellant has had possession of the premises for more than nineteen years, more than ten years since the death of his wife. During this long period, he has had all the rents, profits and income derived from the land. The improvements made upon the land by himself and his wife, during her life time, were only such as were necessary to keep the premises in proper repair and in suitable condition for occupancy; and the value of such improvements was far less than the amount of revenue which he received from the land.

The stipulation between counsel was, that objections and exceptions to testimony taken before the master might be made and taken before the court, on the hearing, without being made or taken before the master. Therefore, the consideration of objections to testimony was proper upon the final hearing, under the terms of the stipulation, whether such objections were embraced in the formal exceptions to the findings of the master's report or not.

The material findings made by the master were, that there was no parol gift of the land to Mrs. Wolfe, and that the agreement with her father, when she went upon the land, was, that she and her husband should have a home there and make what they could by the cultivation of the farm, in consideration of the payment of the taxes and the keeping up of the repairs. The Court approved of these findings by the master, and also went further, and, in the final decree, made the additional finding, that, after the deaths of Mrs. Wolfe and her

child, appellant remained in possession under an agreement with Hill, that, in full satisfaction of all his rights and interest in the land, the appellant would continue in possession and receive the rents and profits, and continue to pay the taxes and keep up the repairs for a reasonable length of time, and that, in pursuance of said agreement, the possession of the land and receipt of the rents and profits for more than ten years after his wife's death fully paid and discharged whatever rights or interest he may have had in the land.

Appellant contends, that the court could make no other findings than those set forth in the master's report. We know of no rule of practice, which forbids the Court to make additional findings upon the coming in of the master's report, besides those set forth in the report, if the evidence accompanying the report warrants and supports such additional findings. The court is not confined, in its review of the evidence, to the mere question of ascertaining whether the exceptions filed to the report, or any of them, should be sustained. When the master's report is returned into court, the party objecting to it may file exceptions, "upon the hearing of which the whole evidence is brought forward, and passes in review before the court." (*McClay, Admr.* v. *Norris*, 4 Gilm. 370.) The evidence warranted the court in finding, that appellant did not claim to own the land after his wife and child died, but merely agreed to stay there, until Hill should want the land, paying taxes and making repairs, and drawing the rents and profits, and then to surrender possession when Hill demanded it.

Even if it should be held that the evidence does not clearly support the agreement made in 1866 or 1867, as contended for by defendants, it at any rate leaves the mind in doubt whether there was any such parol gift of the land made by Hill as appellant sets up in his bill. It is well settled that the specific performance of a contract for the conveyance of land will not be decreed, unless the contract is established by

competent evidence, free from doubt or suspicion, clear and definite in its terms, and founded upon a valuable consideration. (*Allen* v. *Webb*, 64 Ill. 342; *Gosse* v. *Jones*, 73 id. 508; *Wallace* v. *Rappleye*, 103 id. 229; *Clark* v. *Clark*, 122 id. 388; *Shaw* v. *Schoonover*, 130 id. 448; *Woods* v. *Evans*, 113 id. 186; *Phœnix Ins. Co.* v. *Rink*, 110 id. 538; *Padfield* v. *Padfield*, 92 id. 198.)

The decree of the Circuit Court is affirmed.

*Decree affirmed.*