Streator Ind. Tel. Co. v. Interstate Ind. Tel. Co., 142 App. 183.

nesses also testified that the thistles were cut and not permitted to mature. There was also testimony concerning the nature and characteristics of Canada thistles.

Plaintiff in error contends that the word "permit" as used in the statute concerning Canada thistles is more positive than to "allow" or "suffer;" that to permit as used in this act "denotes decided assent." The proof by plaintiff in error shows that he knew of these patches of thistles, and that they were in a pasture near his residence. We conclude from a review of all the evidence, that even if the construction is given the statute that plaintiff in error contends for, the Circuit Court was justified in finding that the plaintiff in error was guilty of such negligence as to be in law deemed to have intentionally permitted Canada thistles to mature on the land occupied by him. Commonwealth v. Curtis, 9 Allen, 266; 2 Burrill's Law Dict. 657.

"Where a trial is had by the court as to the facts, the court stands in the place of the jury, and the decision will be reversed or affirmed by the same rules which govern where the facts are tried by a jury." Field v. C. & R. I. Ry., 71 Ill. 458; Podolski v. Stone, 186 Ill. 540. The trial court having found against the plaintiff in error we cannot say the evidence did not justify such finding. The judgment is, therefore, affirmed.

*Affirmed.*

Streator Independent Telephone and Telegraph Company, Appellant, v. Interstate Independent Telephone & Telegraph Company et al., Appellees.

Gen. No. 4,964.

1. APPEALS AND ERRORS—*when motion to dismiss not essential to raising of jurisdictional question.* If a freehold is involved, the Appellate Court will dismiss an appeal notwithstanding no motion to dismiss has been interposed.

2. APPEALS AND ERRORS—*definition of freehold as used in statute defining jurisdiction of the appellate tribunals.* The word "freehold" in the statute relating to appeals and writs of error is used in the sense as defined by the common law. It does not include a mere right to that which in equity will entitle a party to a freehold.

3. APPEALS AND ERRORS—*when freehold not involved.* Held, that a freehold was not involved in a proceeding in equity by one telephone company against another, to prevent interference with wires strung upon poles, the relation of the parties being that of licensees mutually to use the poles of each other for stringing wires, which wires were to remain the property of the party installing the same.

4. INJUNCTIONS—*when relief against breach of contract will not be granted.* If the relief sought by injunction amounts to a negative specific performance of a contract, it will be denied where the terms of such contract are indefinite and uncertain; likewise, it will be denied if such contract is not proven with that degree of satisfaction which the law requires.

5. STATUTE OF FRAUDS—*when agreement within provisions.* Held, that the agreement involved in this case, namely, one to utilize telephone poles, etc., was indefinite, uncertain, and being oral in character was within the Statute of Frauds.

6. CONTRACTS—*when parol license revocable at will.* Held, that a parol license to use telephone poles, etc., which did not include a grant for a specific period was revocable at the will of the licensor.

Bill in equity. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

**Statement by the Court.** This is a bill in equity brought June 15, 1907, by the Streator Independent Telephone and Telegraph Company against the Interstate Independent Telephone and Telegraph Company, Henry H. Evans and Edward R. Conklin in the Circuit Court of La Salle county for an injunction. The facts in the bill, so far as they need be stated are these: Both the complainant and defendant companies are corporations organized under the laws of New Jersey and doing business in La Salle and adjoining counties in Illinois. The complainant company, in May, 1905, bought and entered into possession of all the property, rights, poles, franchises, etc., of the Streator Independ-

SECOND DISTRICT—AUGUST, 1908.     185

Streator Ind. Tel. Co. v. Interstate Ind. Tel. Co., 142 App. 183.

ent Telephone Company, which will hereafter be called the Streator Company, a corporation organized under the laws of the State of Illinois and doing business in said La Salle and adjoining counties, prior to and at the time of said sale to the complainant company. The Streator Company, in 1904, and the early part of 1905, was the owner of lines of poles and wires strung thereon extending from the city of Streator in different directions for several miles. Among the other lines so owned by it was a line used by it extending east from the intersection of Main and Bloomington streets in the city of Streator, five and one-fourth miles, and a line extending in a southeasterly direction from that city to the village of Cornell in Livingston county. While the Streator Company was the owner of the said described lines, the defendant company was erecting a line of telephone poles through a part of La Salle county entering that county on the east side thereof, directly east from the city of Streator, with the purpose of extending its lines through La Salle county and to points farther south and west from the city of Streator. It is alleged that the defendant company proposed to the Streator Company to use the right of way of said Streator Company, and that if it would permit the defendant company to use the right of way of said Streator Company, from a point about seven miles east of the intersection of said Main and Bloomington streets in Streator to a point three miles east of such intersection, and also to use the right of way of said Streator Independent Telephone Company for a distance of about one and one-fourth miles on the county line between La Salle and Livingston counties on its right of way from Streator to the village of Cornell, that the defendant company would strengthen the line of said Streator Company for a distance of four miles by putting in new poles of heavier weight and size, interspersing them with the poles of the Streator Company, and replace the poles on the county line for the distance of one and one-fourth miles, by putting

in longer and stronger poles, and said companies should have a joint user of so much of the right of way as above stated, and in addition thereto the said Streator Company should be permitted to use, in connection with the defendant company, the "latter's pole line extending southwest from Streator for a distance of several miles, in order to serve the patrons of the Streator Independent Telephone Company around about and within the reasonable and legitimate territory connected with the city of Streator, and other rights and privileges to be given to the Streator Independent Telephone Company." The bill further alleged that the Streator Company accepted said proposition and that the defendant company entered into the joint use of the right of way of the Streator Company, as hereinbefore set forth, and made certain improvements by way of setting additional poles on that part of the right of way of the Streator Independent Telephone Company above set forth, and thereafter the said defendant company and said Streator Company used said poles and cross-arms for the accommodation of the wires belonging to said companies respectively. It is alleged that in May, 1905, the Streator Company sold all its property rights, poles, franchises, etc., to the complainant and that complainant entered into possession of said property and is using and operating said plant; that complainant is the owner of the franchise and right of way over the route and distance hereinbefore set forth, which are now jointly used by complainant and the defendant company, and also a part of the poles constituting the line on said premises; that the defendant company enjoys the joint use of said premises with complainant by virtue of the agreement above set forth; that pursuant to said arrangement, the defendant company was permitted to place a line of four wires from the point three miles east of Streator into Streator upon the poles of complainant to within one hundred feet of the office of complainant, and there connect with lines leading into complainant's office,

where an interchange of business is conducted. It is further alleged that in December, 1906, the defendant company made known to complainant that it claimed to be the owner and in possession of the telephone line, hereinbefore set forth, as used jointly by said companies, and demanded of complainant that it should pay a large rental for the use of said line, and afterwards, on March 1, 1907, said defendant company served a notice in writing upon complainant, demanding that complainant remove all its cross arms, pins, wires and other fixtures placed upon the poles in the line used jointly by the said companies within ninety days, and in case of failure of complainant to remove them said defendant would cause them to be removed without further notice; that on May 28, 1907, the defendant company orally extended said notice until June 15, 1907; that complainant fears defendant company will carry out its threats and if the same is done it will cause irreparable damage to complainant; the bill prays that the defendant company be restrained from interfering with the poles, wires, and fixtures now on the telephone line used jointly by said parties. The notice served by defendant company on complainant, March 1, 1907, is attached and made part of the bill and particularly describes the portions of the telephone lines as:

"Our entire line on the south side of Section thirty-one (31) Otter Creek Township, La Salle county, Illinois. Our entire line on the east side of Section one (1) and on the north side of the highway running through Section one (1) from east to west, and on the east side of Section eleven (11) and on the east and south side of Section fourteen (14), on the west side of Section twenty-three (23) and the north side of Section twenty-seven (27), twenty-eight (28), twenty-nine (29), and thirty (30), Reading Township, Livingston County, Illinois. Also all our private right of way extending from a point on the highway running east and west through Section One (1), Reading Township, Livingston County, where the Santa Fe Railroad inter-

188     APPELLATE COURTS OF ILLINOIS.

Streator Ind. Tel. Co. v. Interstate Ind. Tel. Co., 142 App. 183.

sects said highways, thence south across the Vermilion river to the public highway on the east side of section Eleven (11), Reading Township, Livingston County, Illinois. Also, our line commencing at a point nine (9) poles east of the northwest corner of Section Thirty-five (35), Otter Creek Township, La Salle County, Illinois, thence east to the southwest corner of Section Twenty-eight (28) Allen Township, La Salle County, Illinois.''

The defendants answered the bill, specifically denying every material allegation of the bill except the incorporation of complainant and its grantor. The defendants state that the Conklin Construction Company, the contractor engaged in constructing lines of poles and wires under contract for the defendant company, made an arrangement for temporary joint use of a line of poles on the highway running east from the intersection of Main and Bloomington streets in the city of Streator to a point three miles east of said intersection, and that from said point three miles from said intersection, the Conklin Construction Company reconstructed and straightened the line of poles, which the Streator Company claimed to own, for a distance of two miles further east, and from the east end of said two miles the line eastwardly was entirely constructed by defendant company; that the line of poles on the county line between La Salle and Livingston counties is but one mile, and over that mile the defendant company built its own line of poles and wires on the same side of the highway occupied by complainant upon the right of way owned and secured by defendant, and entered into no agreement with the Streator Company for the use of said mile of line, but state they are informed that the Conklin Construction Company permitted the Streator Company to transfer its wires from its poles to the poles of complainant; that all the lines of defendant company south and west of a point three miles east of the intersection of Main and Bloomington streets in the city of Streator are upon the public highways, upon rights of way secured and owned by de-

fendant company, and that there never was any agreement or contract, on the part of the defendant or by any one for it, for the use of defendant company's poles or other fixtures by complainant west of a point on the county line road at the southeast corner of section thirty-one in Otter Creek Township; that all wires, strung by complainant on poles of defendant company south and west of the southeast corner of section thirty-one in said Otter Creek Township, and east of a point five and one-quarter miles east of the intersection of Main and Bloomington streets in the city of Streator, were strung without the knowledge, consent or permission of any of the officers of defendant company. The defendant company denies that any proposition for the joint use of right of way as alleged was made or accepted. The defendants admit that defendants did for temporary purposes set some additional poles and temporarily permitted the Streator Company to use defendant company's poles as a temporary accommodation and license, but say no agreement or contract was made for any period. The defendants state that the right of way and poles set forth in said notice are the exclusive property of defendant company, and that complainant has no lease therein, and has never occupied the same except as a trespasser or temporarily by sufferance as a temporary accommodation, without any agreement or contract for any time whatever; that if any fixtures or attachments of defendant company are upon poles of the complainant not standing on defendant company's right of way, they are ready and willing to remove them on notice; that defendant company is not claiming any contract right to use any of complainant's right of way and is only seeking the removal of complainant's attachment, etc., from the poles and lines of defendant company on its own right of way, which are its exclusive property, and deny that complainant is entitled to any part of the relief sought.

A preliminary injunction having been issued, the

190    APPELLATE COURTS OF ILLINOIS.

Streator Ind. Tel. Co. v. Interstate Ind. Tel. Co., 142 App. 183.

defendants, after filing their answer, in which they prayed the same advantage of the answer as if they had demurred, entered a motion to dissolve the injunction. The motion to dissolve the injunction was heard upon the bill, answers and the affidavits filed by the respective parties, and an order was entered dissolving the temporary injunction. The complainant thereupon entered its motion to vacate the order dissolving the injunction, which motion the court granted. The case was thereupon heard on the bill, answers, motion to dissolve the injunction, with affidavits, and a second order dissolving the injunction was made, and a decree was entered dismissing the bill for want of equity at the cost of the complainant. From that decree the complaintiff prosecutes this appeal.

REEVES, OSBORNE & GRIGGS, for appellant.

A. E. DeMANGE and R. C. DeMANGE, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The Interstate Telephone and Telegraph Company is the only appellee who has appeared in this court and will hereinafter be the only appellee referred to. The appellee has not made any motion to dismiss this appeal for want of jurisdiction in this court, but has presented the question whether or not a freehold is involved in his controversy. If a freehold is involved this court has no jurisdiction to pass upon the merits of the case.

It is conceded by all parties that appellee is the owner of substantially all the right of way and telephone poles involved in this suit, and the appellant claims a right to have its cross-arms, wires and other fixtures attached to the poles on the right of way owned by the appellee. This claim is based upon an oral contract for an exchange of similar privileges given to appellee on the poles and right of way of appellant. The poles of a telephone or telegraph line are real property, except

for the purpose of taxation, or where they preserve the character of personal property by contract between the parties. Shelbyville Water Co. v. People, 140 Ill. 545; Union Trust Co. v. Weber, 96 Ill. 346; 27 Am. & Eng. Encyc. of Law (2nd ed.) 1004; Cook on Corporations, Vol. III, Art. 941; Consolidated Gas Co. v. Mayor of Baltimore, 1 L. R. A. (N. S.) 263; Western Union Tel. Co. v. Penn. Co., 129 Fed. R. 867, note in 66 L. R. A. 56; Western Union Tel. Co. v. Burlington, etc., 11 Fed. R. 1. The right under the contract claimed by appellant to occupy permanently the poles of appellee by permanently attaching wires thereto, is in the nature of an easement. Western Union Tel. Co. v. Penn Co., 129 Fed. R. 867; American Tel. Co. v. Middleton, 80 N. Y. 408.

It was held in Lucan v. Cadwallader, 114 Ill. 285, and in Eckart v. Irons, id. 469, that a claim of an easement in the lands of another does not constitute a freehold in such lands. The rule laid down in these cases was modified in Chaplin v. Commissioners of Highways, 126 Ill. 264, so that the rule now is "a perpetual easement in lands, or any interest in lands in the nature of such easement, when created by grant, or by any proceeding in law equivalent to a grant constitute a freehold."

"The term grant was anciently and in strictness of usage applied to denote the conveyance of incorporeal rights and is the appropriate word for that purpose. Such rights are said to be in grant and not in livery; for, existing only in idea, in contemplation of law they cannot be transferred by livery of possession. Of course, at common law, a conveyance in writing was necessary, hence they are said to lie in grant, and to pass by delivery of the deed." Bouvier's Law Dictionary, 900.

The word "freehold" in the statute relating to appeals and writs of error is used in the sense as defined by the common law. It does not include a mere right to do that which in equity will entitle a party to a free-

hold. Kirchoff v. Union Mut. Life Ins. Co., 128 Ill. 199. The relation between the parties is only that of licensees mutually to use the poles of each other for stringing wires which are to remain the property of the party putting up the wires. After the lapse of twenty years of uninterrupted enjoyment of such use, under a claim of right, a presumption of a grant might arise. We conclude that the claim of appellant, not being founded on a grant or any proceeding equivalent to a grant, although it partakes of the nature of an easement, does not involve a freehold, and that this court has jurisdiction.

The meritorious question presented relates to the equities which the complainant, appellant, is seeking to enforce against appellee, the Interstate Independent Telephone and Telegraph Company. Appellant does not claim that the appellee was about to interfere with any line owned and constructed by appellant, except on the mile line on the south side of section thirty-one, in Otter Creek Township, in La Salle county. All the other lines which appellee threatens to interfere with are lines of appellant placed upon appellee's poles on appellee's own right of way. Concerning the south side of section thirty-one in Otter Creek Township, the affidavits show that both appellant and appellee have a right of way on the south side of that section, and that appellant first constructed its line over that mile, and then the appellee came and placed a line of heavier and higher poles over the same line without interfering with appellant's poles or lines, and thereafter the appellant removed its lines from its own poles and placed them upon appellee's poles and removed its own poles from its right of way. Wherever the appellee has set its poles on the right of way of appellant, having no right of way of its own, or has intermingled its poles with the poles of appellant, and the poles of both companies are used, no purpose on the part of appellee of interfering with appellant's lines and attachments is charged.

Edward R. Conklin is president and secretary of the appellee and was also manager of the Conklin Construction Company, which constructed the telephone lines for the appellee under a contract. There was some oral arrangement made by Conklin with appellant in reference to using the poles and right of way of appellant for five miles east of Streator, and both companies over that distance have their lines on the right of way of the appellant on poles, part of which have been erected by appellee, but there is no controversy over that part of the lines. The affidavits filed by the respective parties, as to whether there was or was not a verbal agreement between Conklin and the appellant, that appellant might use the poles of the appellee south and southwest of Streator and east of appellant's line five miles east of Streator, leave that question in doubt, although it would be a strange circumstance if so many miles of appellee's poles could be used for the support of appellant's lines without the knowledge of appellee. It is very clear, however, that there is no written contract between the parties, and no action was ever taken by the board of directors of either company agreeing to or ratifying what was either done or to be done regarding the stringing of appellant's wires on appellee's poles. The alleged contract, if one was made, was nothing more than an oral license. It was not made between appellant and appellee, but is claimed to have been made between appellee and the Streator Independent Telephone Company whose rights and franchises the appellant has since purchased. The bill does not allege any contract with sufficient certainty that a court could enforce it. The alleged contract being oral rests in the uncertain recollection of witnesses who differ as to what the arrangement was. The time it was to run was not mentioned. There is no arrangement as to the number of arms or wires, nor any provisions for the increase of business or whose wires should be above or below, or for the replacing of poles or repairs. The prayer of the bill is that appellee be enjoined from

194     Appellate Courts of Illinois.

Streator Ind. Tel. Co. v. Interstate Ind. Tel. Co., 142 App. 183.

interfering with appellant in the performance of the contract. In substance it is that a breach of the contract be enjoined. "An injunction restraining the breach of a contract is a negative specific performance of that contract. The jurisdiction of equity to grant such injunction is substantially coincident with its jurisdiction to compel a specific performance. Both are governed by the same doctrines and rules." South Chicago Ry. Co. v. Calumet Ry. Co., 171 Ill. 391; Pomeroy's Eq. Jur., Sec. 134. Specific performance will not be decreed except upon clear and explicit proof leaving no room for reasonable doubt. C. & E. I. R. R. Co. v. Chipps, 226 Ill. 584. It is not sufficient to show that a contract of some kind exists but all its terms must be satisfactorily proved. Folsom v. Harr, 218 Ill. 369; Carson v. Davis, 171 Ill. 497. The terms of the alleged contract, the breach of which is sought to be enjoined, are very indefinite and uncertain and are not proved with that degree of satisfaction that the law requires.

The agreement alleged is an indefinite and uncertain oral license to use the poles and right of way of appellee. Such an agreement is within the Statute of Frauds and not being an agreement for a conveyance cannot be enforced in equity. It makes no difference that the licensee acting upon the strength of the parol license may have expended money and made valuable improvements on the faith of the license, yet the license is revocable at the will of the licensor, when the entry was not under an agreement for a conveyance. Entwhistle v. Henke, 211 Ill. 273, same case 113 Ill. App. 572, and cases cited; Nat. Stock Yards v. Wiggins Ferry Co., 112 Ill. 384. The foregoing rule is the law in this state, and if the agreement contended for were admitted, still appellee had the right to revoke it at any time and appellant would not be entitled to the relief sought. The Circuit Court properly dissolved the temporary injunction and dismissed the bill. The decree is affirmed.

*Affirmed.*