[No. 12775.   Department Two.   January 4, 1916.]

EMMA J. MONROE *et al.*, *Appellants*, v. MICHAEL G. SAMS *et al.*, *Respondents*.[1]

SPECIFIC PERFORMANCE—PAROL GIFT OF LAND — EVIDENCE — SUF-FICIENCY. Since an oral contract for the gift of land between relatives must be proved by clear and convincing evidence, specific performance of an agreement by parents to deed land to a daughter, in case the son-in-law would build and occupy a house thereon, is properly denied, where the testimony is unequivocally conflicting as to whether such an agreement was made by the father and was insufficient to connect the mother therewith.

Appeal by plaintiffs from a judgment of the superior court for Walla Walla county, Mills, J., entered September 14, 1914, awarding damages to plaintiffs, in an action for specific performance, tried to the court. Affirmed.

*Rader & Barker*, for appellants.

*Pedigo & Smith* and *Sharpstein & Sharpstein*, for respondents.

MAIN, J.—This is an action for specific performance. The plaintiffs, John W. Monroe and Emma J. Monroe, are hus-

[1]Reported in 153 Pac. 1090.

band and wife, and the latter is the daughter of the defendants Michael G. Sams and Amanda R. Sams, his wife.

During the early part of the year 1912, and for some time prior thereto, the plaintiffs resided in the city of Walla Walla, where John W. Monroe was then, and had for some time prior thereto been, engaged in the restaurant business. Michael G. Sams and wife resided upon a farm about six miles distant from the city. During the month of March, 1912, the Monroes moved to the home of Michael G. Sams and wife. Thereafter Monroe erected a house upon a portion of the farm, which, when completed, was occupied by himself and family. After the house had been completed, Monroe made a demand upon Sams for a deed conveying to him twenty-six acres, or one-half of the farm owned and occupied by the defendants. The house thus constructed by Monroe was occupied by himself and family until some time during the latter part of the year 1913. After vacating the premises and removing to Walla Walla, the plaintiffs brought this action for specific performance.

The cause was tried on the 21st day of May, 1914, and was taken under advisement by the trial judge. Thereafter, and before judgment was entered, one N. H. Sams was made a party defendant, and a supplemental complaint was filed against him. Issues were joined upon the supplemental complaint and were subsequently tried. Thereafter a judgment was entered denying to the plaintiffs specific performance, and awarding them damages in the sum of $899.45. From this judgment, the plaintiffs only appeal.

It will not be necessary to further refer to N. H. Sams, or the issues tried upon the supplemental complaint, as the views we entertain relative to the rights of the parties in the main action are decisive of the controversy.

The appellants, for specific performance, rely upon an oral contract which they claim had been entered into at or prior to the time they moved from Walla Walla to the farm of the respondents. According to the contention of the ap-

pellants, they were importuned by the respondents to leave
the city of Walla Walla and occupy a portion of the farm
then occupied by the respondents. The appellants claim
that the respondents agreed to convey to Mrs. Monroe one-
half, or twenty-six acres of the farm, if they would move
thereon and erect a house in which to live. The conveyance
was to be upon condition that the land could not be con-
veyed by the appellants until their youngest child became of
age. The fact is undisputed that they did move upon the
farm and erect a house, which they occupied for the period
mentioned. After returning to Walla Walla, John W. Mon-
roe again engaged in the restaurant business.

The respondents claim that John W. Monroe approached
Michael G. Sams sometime during the early part of the year
1912, and before the appellants moved to the farm, and stated
that it was necessary for him to get his family away from
the city as he could not keep them there, and that he de-
sired to move into the same house occupied by the respond-
ents. This Sams told him was impossible, because the house
was not sufficiently large to accommodate two families. Sams
finally told him that he might erect a house on a portion of
the farm, and move his family there until he could do better.

The evidence introduced on behalf of the appellants tends
to support their contention as to the agreement. The evi-
dence introduced on behalf of the respondents tends to sup-
port their version of the understanding between the parties.
The rule is, that where a contract for the sale of land rests
in parol, the evidence of the making of the contract must be
clear and convincing, and all its terms must be fully and
satisfactorily proved. 36 Cyc. 689; *Logue v. Langan*, 151
Fed. 455; *Norton v. State Bank of Freeport*, 178 Ill. 294,
52 N. E. 1127; *Lich v. Lich*, 81 Iowa 84, 46 N. W. 763;
*Stone v. Hill*, 52 W. Va. 63, 43 S. E. 92; *Wolfe v. Brad-
berry*, 140 Ill. 578, 30 N. E. 665. The rule as stated in the
text of 36 Cyc. 689, is:

"Where a contract for the sale of land rests in parol, the evidence of the making of a contract must be clear and convincing, and all its terms must be fully, clearly, and satisfactorily proved, and the terms, as proved, must be certain and definite."

Where the parties to a controversy are relatives, as in this case, the requisite of clear and convincing evidence to support an oral contract for the gift of land is no less important, since the fact that the parties are relatives may tend to account for the occupation of the land as permissive rather than as the result of a contract. The proof must indicate more than a vague intention to give. 36 Cyc. 691; *Wright v. Wright*, 31 Mich. 380; *Jones v. Tyler*, 6 Mich. 363; *Allen v. Webb*, 64 Ill. 342.

In this case it may be that, under the evidence, the respondents entertained the intention to convey, at some future time to Mrs. Monroe, title to a portion of the fifty-two acre tract. But the question is, did the respondents make an oral contract that they would convey twenty-six acres of land when the appellants should erect a house thereon and occupy the same? Upon this question, the evidence on behalf of the appellants, if uncontradicted, would hardly be sufficient to connect Mrs. Sams with the contract. As to what the arrangement was with Michael G. Sams and the appellants, the evidence is unequivocally conflicting. Without reviewing the testimony in detail, it may be said that, after a careful consideration of all the evidence, we think the appellants have not established by clear and convincing evidence an oral agreement even with Michael G. Sams by which he was to convey to Mrs. Monroe the land in question when the house should be erected and occupied.

Judgment was entered in favor of the appellants, as above indicated, for $899.45. This included the money actually expended, and $300 for sixty days' labor performed by John W. Monroe in building the house. Some claim is made that the amount of damages should have been greater. But

we think the trial court was sufficiently liberal in this respect.

The judgment will be affirmed.

MORRIS, C. J., HOLCOMB, and PARKER, JJ., concur.